UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHARLES JUDSON HOLBROOK,

        Plaintiff,                Case No. 1:16-cv-1151

v.                                         Honorable Gordon J. Quist

TIMOTHY POLS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff paid the entire civil action filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

## **Factual Allegations**

Plaintiff, Charles Judson Holbrook, a restricted and frequent filer in this Court, presently is incarcerated at the Alger Correctional Facility. He sues City of Wyoming Police Officer Timothy Pols, the City of Wyoming Police Department, and the City of Wyoming.

Plaintiff alleges that Defendant Pols led a SWAT team in a raid of Plaintiff's home on July 31, 2009. He asserts that Defendants intended to shoot him to settle a grudge, but they "screwed up" because Plaintiff was not at home. (Compl., ECF No. 1, PageID.27.) Plaintiff complains that Defendants spent three hours rummaging through his home without finding any evidence, but that Defendants nevertheless loaded a large truck with Plaintiff's property and drove it away.

Plaintiff contends that Defendants committed criminal trespass and violated his rights under the Fifth Amendment. He seeks to recover his property and to shut down the Wyoming Police Department.

## Discussion

### I.   Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

Plaintiff's complaint is legally frivolous. Plaintiff initially filed the instant action in the Southern District of Ohio, and the case was transferred to this Court. Plaintiff's decision to file in the Southern District of Ohio no doubt was motivated by his prior lack of success in this Court. In *Holbrook v. Pols et al.*, No. 2:15-cv-170 (W.D. Mich.), Plaintiff brought a substantively identical

complaint.  The Court dismissed that action on February 9, 2016, because Plaintiff's claims were barred by the statute of limitations.  *Id.* (Op. & Jud. Feb. 9, 2016).

Plaintiff's complaint is merely an attempt to relitigate an action that was previously decided against him.  The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997).  Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication.  *Allen v. McCurry*, 449 U.S. 90, 94 ( 1980).  In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case.  *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Here, Plaintiff raised the identical issues and sued the identical parties.  In addition, the action was dismissed for failure to state a claim because the issues were barred by the statute of limitations.  That dismissal was a final judgment on the merits.  As a consequence, the instant action is barred by the doctrine of res judicata.  An action that is barred by res judicata is legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001);  *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  December 21, 2016              /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE